1

2                                                                **E-Filed 5/10/07**

3

4

5

6

7                              NOT FOR CITATION

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11

12   SUSAN SWANSON, et al.,                  | Case Number C 05-602 JF (HRL)

13                        Plaintiffs,         | ORDER[1] GRANTING IN PART AND
                                              | DENYING IN PART DEFENDANT'S
14              v.                            | MOTION FOR PARTIAL SUMMARY
                                              | JUDGMENT
15   USPROTECT CORPORATION,                   |
                                              | [re:  doc. no. 52]
16                        Defendant.          |

17

18

19        Defendant moves for partial summary judgment[2] on Plaintiffs' claims.  The Court has

20   considered the briefing submitted by the parties as well as the oral arguments presented at the

21   hearing on September 15, 2006.[3]  For the reasons discussed below, the motion will be granted in

22   _____

23        [1] This disposition is not designated for publication and may not be cited.

24        [2] While Defendant's motion states that it is for "summary judgment or, alternatively,
     partial summary judgment," the motion addresses only certain of Plaintiff's claims.  Accordingly,
25   the motion properly is characterized as a motion for partial summary judgment.

26        [3] With the consent of counsel for the parties, issuance of the instant order was delayed
27   pending the decision of the California Supreme Court in *Murphy v. Kenneth Cole Productions,
     Inc.*, 40 Cal.4th 1094, ---, 155 P.3d 284, ---, 12 Wage & Hour Cas.2d (BNA) 833, 895 (2007),
28   discussed below.

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1  part and denied in part.

## I. BACKGROUND

3      Plaintiffs Susan Swanson, Shane McGuire and Claudia McGuire filed this putative class

4  action in the Santa Clara Superior Court on August 17, 2004, alleging that Defendant USProtect

5  Corporation ("USProtect") had committed violations of California's wage and hour laws and

6  unfair competition laws.  Plaintiffs did not serve their complaint, but subsequently filed and

7  served a first amended complaint.  Shortly thereafter, USProtect removed the action to this Court

8  on the basis of federal preemption under § 301 of the Labor-Management Relations Act

9  ("LMRA"); specifically, USProtect asserted that the first amended complaint required

10  interpretation of a collective bargaining agreement.

11      In November 2005, USProtect filed a motion for summary judgment or partial summary

12  judgment.  While that motion was pending, USProtect settled with each named plaintiff.

13  Subsequently the Court allowed Geryl Doucette ("Doucette") to intervene as a party plaintiff.

14  Her operative complaint alleges the following claims:  (1) unpaid wages and for time worked and

15  missed meal and rest periods; (2) failure to pay overtime compensation under California law; (3)

16  waiting time penalties under California Labor Code § 203 for unpaid wages after termination of

17  employment; (4) unjust enrichment for unpaid wages and expenses; (5)penalties under California

18  Labor Code and Private Attorney General Act; (6) unfair competition under California Business

19  and Professions code § 17200 et seq.; and (7) failure to pay overtime under the Fair Labor

20  Standards Act ("FLSA").

## II. LEGAL STANDARD

22      A motion for summary judgment should be granted if there is no genuine issue of

23  material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

24  56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears

25  the initial burden of informing the Court of the basis for the motion and identifying the portions

26  of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that

27  demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

28  317, 323 (1986).

2

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1    If the moving party meets this initial burden, the burden shifts to the non-moving party to

2    present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

3    *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents

4    evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

5    party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49;

6    *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

7                                       **III. DISCUSSION**

8    **A.      First Claim To Extent Alleged Under California Labor Code** § **226.7**

9    Doucette's first claim alleges that USProtect has failed to pay Doucette and other class

10   members wages earned as required by California Labor Code § 204, and additionally has failed to

11   pay Doucette and other class members one hour of pay for each missed meal or rest period as

12   required under California Labor Code § 226.7.  USProtect moves for partial summary judgment

13   to the extent claim 1 seeks recovery under § 226.7 on the ground that no private right of action

14   exists under § 226.7.  USProtect alternatively argues that to the extent a private right of action

15   does exist, it carries a one-year statute of limitations and thus Doucette's claims are barred to the

16   extent they arose more than one year before the filing of the original complaint in this case.

17   Finally, USProtect argues that any recovery under § 226.7 is limited to a single payment of one

18   additional hour's pay per day, whether the particular employee was denied one or more meal or

19   rest period on that day.  Doucette argues that *each* missed meal or rest period constitutes a

20   separate violation of § 226.7, such that a particular employee may recover more than one hour of

21   pay per day if more than one meal or rest period is denied.

22   Following completion of briefing on USProtect's motion, the California Supreme Court

23   clarified that the additional hour of pay under § 226.7 constitutes a wage or premium pay and

24   thus is governed by a three-year statute of limitations.  *See Murphy v. Kenneth Cole Productions,*

25   *Inc.*, 40 Cal.4th 1094, ---, 155 P.3d 284, ---, 12 Wage & Hour Cas.2d (BNA) 833, 895 (2007).[4]

26

27

    _____

28        [4] As of the date of this order, pin citations are available only with respect to the BNA
    publication.  All future citations will be to the BNA publication.

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1   The *Murphy* decision does not squarely address the issue of whether a private right of action

2   exists under § 226.7, and the question of whether § 226.7 creates a private right of action has not

3   otherwise been addressed by the California Supreme Court.  In the absence of authority from that

4   court, this Court must use its best judgment to predict how that court would decide the issue.  *See*

5   *General Motors Corp. v. Doupnik*, 1 F.3d 862, 865 (9th Cir. 1993).  This Court may look to the

6   decisions of California appellate courts for guidance, but it is not bound to follow such decisions.

7   *Id*. at 865 n.4.

8          This Court concludes that, although the question was not addressed directly, presumably

9   because it was not raised by the parties, the California Supreme Court implicitly held in *Murphy*

10   that a private right of action exists under § 226.7.  Discussion of this implicit holding requires

11   some understanding of the administrative and civil remedies generally available to wage

12   claimants.  The *Murphy* decision describes these remedies as follows:

13         An employee pursuing a wage-related claim has two principal options.  the
           employee may seek *judicial* relief by fling an ordinary civil action against the
14         employer for breach of contract and/or for the wages prescribed by statute.  Or the
           employee may seek *administrative*  relief by filing a wage claim with the
15         [commissioner] pursuant to a special statutory scheme codified in sections 98 to
           98.8.

16

17   *Murphy*, 12 Wage & Hour Cas.2d (BNA) at 896 (internal quotation marks and citations omitted).

18   "The Labor Commissioner has broad authority to investigate employee complaints and to

19   conduct hearings in actions to recover wages, penalties, and other demands for compensation."

20   *Id*.  (internal quotation marks and citations omitted).  This administrative process commonly is

21   known as "the Berman hearing procedure."  *Id*.  "The Berman hearing procedure is designed to

22   provide a speedy, informal, and affordable method of resolving wage claims."  *Id*.  The purpose

23   of the procedure is "to avoid recourse to costly and time-consuming judicial proceedings in all

24   but the most complex of wage claims."  *Id*.  (internal quotation marks and citations omitted).

25   Any party may seek review of the Labor Commissioner's decision in a Berman proceeding by

26   filing an appeal in the appropriate municipal or superior court.  *Id*.  The filing of such an appeal

27   terminates the jurisdiction of the Labor Commissioner and vests jurisdiction in the appellate

28   court to conduct a *de novo* hearing of the issues.  *Id*. at 896-97.

4

1    Murphy commenced a Berman proceeding before the Labor Commissioner, asserting

2    claims for unpaid overtime and waiting-time penalties against his former employer.  Following

3    the Commissioner's ruling in Murphy's favor, the employer sought *de novo* review in the

4    superior court.  During that *de novo* review process, Murphy sought to raise new claims for meal

5    and rest period violations under § 226.7 and for itemized pay statement violations.  Those claims

6    had not been raised in the Berman proceeding.  The superior court allowed Murphy to raise the

7    new claims over the employer's objection.  During the course of the superior court's *de novo*

8    review of Murphy's claims, a question arose as to whether claims for meal and rest period

9    violations under § 226.7 are governed by a one-year or a three-year statute of limitations.  The

10   superior court, concluding that a three-year statute of limitations governed, found for Murphy on

11   his § 226.7 claims and on his other claims.  The California Court of Appeal reversed in part,

12   holding that Murphy could not raise new claims for the first time on *de novo* appeal from the

13   Berman proceeding, and that a one-year statute of limitations applied to § 226.7 claims.  The

14   California Supreme Court granted Murphy's petition for review to address both questions.

15   With respect to Murphy's assertion of new claims under § 226.7 in the *de novo* appellate

16   proceedings, the court stated as follows: "As the Court of Appeal here acknowledged, Murphy

17   could have filed a separate civil complaint raising the additional wage claims, at which point the

18   trial court could have consolidated the civil action with the *de novo* proceeding and considered

19   all of the claims together." *Id*. at 898.  In concluding that Murphy could have filed a civil

20   complaint raising his § 226.7 claims even though those claims had not been raised in the

21   administrative Berman proceeding, the court necessarily concluded that Murphy had the *right* to

22   file a civil claim under § 226.7.  Moreover, the court devoted the bulk of its lengthy decision to

23   the question of whether a *civil claim* brought under § 226.7 is subject to a one-year statute of

24   limitations or a three-year statute of limitations.  There would have been no reason for the court

25   to engage in this detailed analysis if no private right of action exists under § 226.7 in the first

26   place.

27   It long has been established that "[q]uestions which merely lurk in the record, neither

28   brought to the attention of the court nor ruled upon, are not to be considered as having been so

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1 decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925); *see also*

2 *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (holding that

3 "unstated assumptions on non-litigated issues are not precedential holdings binding future

4 decisions").  However, while *Murphy* may not constitute binding precedent as to this issue, it

5 nonetheless is informative as to how the California Supreme Court would resolve the question of

6 whether a private right of action exists under § 226.7.

7        Moreover, separate and apart from the implicit holding of *Murphy* discussed above, this

8 Court concludes that *Murphy*'s explicit determination that the additional hour of pay under §

9 226.7 is a wage necessarily suggests strongly that claimants have a private right of action to

10 recover that wage pursuant to California case law interpreting California Labor Code § 218.

11 Section 218 reads in relevant part as follows:  "Nothing in this article shall limit the right of any

12 wage claimant to sue directly or through an assignee for any wages or penalty due him under this

13 article."  Cal. Lab. Code § 218.  A number of California appellate decisions have cited § 218 for

14 the proposition that wage claimants have a direct right of action to seek unpaid wages. *See, e.g.*,

15 *Reynolds v. Bement*, 36 Cal.4th 1075, 1084 (2005); *Smith v. Rae-Venter Law Group*, 29 Cal.4th

16 345, 350 (2002); *Sampson v. Parking Serv. 2000 Com, Inc.*, 117 Cal.App.4th 212, 220 (2004).

17 Based upon these authorities, this Court concludes that a private right of action exists to recover

18 wages owing under § 226.7.

19        In conclusion, after careful review of *Murphy* and the California cases addressing wage

20 claimants' rights to sue for unpaid wages generally, this Court is persuaded that if squarely

21 presented with the issue the California Supreme Court would conclude that there is a private

22 right of action under § 226.7.

23        The Court concludes that whether a claimant may recover an additional hour's pay for

24 each of multiple missed meal or rest periods in a single day is not an appropriate issue for

25 summary judgment.  Resolution of the issue will not dispose of "all or any part" of the first

26 claim. *See* Fed. R. Civ. P. 56(b).  The issue properly may be raised when and if liability is

27 established under § 226.7.

28        Accordingly, summary judgment will be denied as to the first claim.

1   **B.      Third Claim For Waiting Time Penalties Under California Labor Code § 203**

2          Doucette's third claim seeks waiting penalties under California Labor Code § 203, which

3   provides in its entirety as follows:

4          If an employer willfully fails to pay, without abatement or reduction, in
           accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
5          who is discharged or who quits, the wages of the employee shall continue as a
           penalty from the due date thereof at the same rate until paid or until an action
6          therefor is commenced; but the wages shall not continue for more than 30 days.
           An employee who secretes or absents himself or herself to avoid payment to him
7          or her, or who refuses to receive the payment when fully tendered to him or her,
           including any penalty then accrued under this section, is not entitled to any benefit
8          under this section for the time during which he or she so avoids payment.

9          Suit may be filed for these penalties at any time before the expiration of the statute
           of limitations on an action for the wages from which the penalties arise.
10

11   Cal. Lab. Code § 203.

12          USProtect asserts that to the extent the third claim is based upon failure to pay the

13   amounts owing under § 226.7, the claim must be dismissed, because the amounts owing under §

14   226.7 are penalties rather than wages, and thus are not covered under § 203.  This argument does

15   not survive *Murphy's* holding that amounts owing under § 226.7 are wages.  Accordingly,

16   summary judgment will be denied as to the third claim.

17   **C.      Sixth Claim For Violation Of Unfair Competition Laws**

18          Doucette's sixth claim alleges that USProtect's failure to comply with various provisions

19   of the California Labor Code constitutes unfair competition in violation of California Business &

20   Professions Code § 17200.  She seeks restitution of all funds owed as well as injunctive relief.

21   USProtect argues that because Doucette has no private right of action under § 226.7, she cannot

22   assert a § 17200 claim based upon failure to comply with § 226.7.  USProtect also argues that

23   even if there is a private right of action under § 226.7, amounts owing under that provision are

24   penalties rather than wages, and therefore cannot be recovered as "restitution" under § 17200.

25   This Court has concluded that there is a private right of action under § 226.7, and the California

26   Supreme Court has clarified that the additional hour of pay under § 226.7 is a wage rather than a

27   penalty.  Accordingly, summary judgment will be denied as to the sixth claim.

28

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1   **D.      Fourth Claim For Unjust Enrichment**

2           Doucette's fourth claim alleges that USProtect obtained payments from the government

3   that were to be passed through to employees as reimbursements for employee expenses in

4   obtaining various trainings and certificates.  Doucette alleges that USProtect kept these monies

5   and did not pass them through to the employees.  Doucette requests that USProtect be required to

6   disgorge these monies.  She also requests that, to the extent she cannot recover on her wage

7   claims, USProtect be required to disgorge monies it was unjustly enriched by obtaining free labor

8   during meal and rest periods.

9           "[T]here is no cause of action in California for unjust enrichment."  *Melchior v. New Line*

10  *Productions, Inc.*, 106 Cal.App.4th 779, 793 (2003).  "Unjust enrichment is a general principle,

11  underlying various legal doctrines and remedies, rather than a remedy itself."  *Id*. (internal

12  quotation marks and citation omitted).  "It is synonymous with restitution."  *Id*.  Accordingly,

13  summary judgment will be granted as to the fourth claim.  This ruling is without prejudice to

14  Doucette's ability to seek restitution, where appropriate, in connection with her other claims.

15  **E.      Fifth Claim Under PAGA**

16          Doucette's fifth claim is asserted under the Private Attorney General Act, California

17  Labor Code § 2699 ("PAGA").  PAGA was enacted in 2003, effective January 1, 2004, to

18  prescribe a civil penalty for existing Labor Code sections for which no civil penalty otherwise

19  had been established and to allow aggrieved employees to bring a civil action to collect civil

20  penalties previously available only in enforcement actions initiated by the State's labor law

21  enforcement agencies.  *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 374

22  (2005).  USProtect seeks a determination that Doucette's PAGA claim is barred to the extent that

23  she seeks penalties for violations occurring prior to January 1, 2004, the statue's effective date.

24          "Under California law, as under federal law, statutes do not operate retrospectively unless

25  the legislature plainly intended them to do so."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1079

26  (9th Cir. 2005) (internal quotation marks and citations omitted).   "The presumption against

27  retroactive legislation is deeply rooted in our jurisprudence because individuals should have an

28  opportunity to know what the law is and to conform their conduct accordingly."  *Id*. (internal

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1   quotation marks and citations omitted).  In light of the fact that PAGA establishes new civil

2   penalties for Labor Code violations and does not contain any clear indication that the legislature

3   intended the statute to operate retrospectively, the Court concludes that Doucette's PAGA claim

4   is barred to the extent that she seeks penalties for violations occurring prior to January 1, 2004.

5          USProtect also seeks a determination that the PAGA claim is barred to the extent that

6   Doucette seeks payment of penalties for any Labor Code violations not expressly identified in the

7   notice that the original plaintiffs in this action sent to the Labor and Workforce Development

8   Agency ("LWDA").  Prior to bringing a PAGA claim, an employee must give written notice to

9   the LWDA of the specific provision of the California Labor Code alleged to have been violated.

10  Cal. Lab. Code § 2699.3(a)(1); *see also Caliber*, 134 Cal.App.4th at 376.  The original plaintiffs

11  in this action sent the requisite written notice in a letter dated October 28, 2004.  That letter

12  identifies the following Labor Code violations:  (1) failure to pay for "guard mount time" in

13  violation of Labor Code §§ 201, 202, 204 and 1199, and in violation of IWC Wage Order No. 4;

14  (2) failure to provide rest periods in violation of Labor Code §§ 226.7, 516 and 1199, and in

15  violation of IWC Wage Order No. 4; and (3) failure to provide reimbursement in violation of

16  Labor Code §§ 2802 and 1199.  Several of Doucette's claims are not identified in this letter (for

17  example, her claim for failure to provide meal periods in violation of § 226.7).  The Court

18  concludes that Doucette has failed to exhaust administrative remedies with respect to such claims

19  and therefore will grant partial summary judgment with respect to those claims not explicitly

20  identified in the notice letter.

### IV. ORDER

22        Defendant's motion for partial summary judgment is GRANTED as to the fourth claim,

23  GRANTED IN PART as to the fifth claim, and otherwise DENIED.

24

25  DATED:  5/10/07

26  _____
    JEREMY FOGEL
27  United States District Judge

28

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)

1    This Order has been served upon the following persons:

2    Leslie Chin-Wen Cheng      lcheng@wsgr.com, jbaca@wsgr.com

3
     Paul R. Lynd     plynd@littler.com, rcomisky@littler.com
4

5    Michael Millen      MikeMillen@aol.com,

6
     Jody A Landry
7    Littler Mendelson

8    650 California Street, 20th Floor
     San Francisco, CA 94108

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-602 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SJ
(JFLC2)